**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-6370**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CURTIS WASHINGTON, a/k/a Murk,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:16-cr-00050-FL-1)

———————————

Submitted:  June 18, 2026                     Decided:  June 23, 2026

———————————

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Curtis Washington, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Washington appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Finding no reversible error, we affirm.

We review the denial of compassionate release under § 3582(c)(1)(A) for abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted).

Under § 3582(c)(1)(A), a district court may grant a sentence reduction if it finds both that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Burleigh*, 145 F.4th 541, 547 (4th Cir. 2025) (internal quotation marks omitted). Here, the Sentencing Commission's amended policy statement, U.S. Sentencing Guidelines Manual § 1B1.13, p.s. (2025), governs Washington's motion. *See United States v. Crawley*, 140 F.4th 165, 170 (4th Cir. 2025).

We have reviewed the record and find no reversible error in the district court's conclusion that Washington failed to demonstrate extraordinary and compelling reasons for relief. Notably, Washington relies heavily on his assertion that he would no longer qualify for sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), in light of the intervening decisions in *Wooden v. United States*, 595 U.S. 360 (2022), and *Erlinger v. United States*, 602 U.S. 821 (2024). We have recognized that a sentencing disparity produced by such a change in the law can be a proper consideration under

2

§ 3582(c)(1)(A).  *See United States v. Davis*, 99 F.4th 647, 657-58 (4th Cir. 2024).  Under § 1B1.13, however, such a change in the law can qualify as an extraordinary and compelling reason only if the movant has served at least 10 years' imprisonment.  USSG § 1B1.13(b)(6), (c), p.s.  Because Washington "has not spent 10 years' time in prison, consideration of the § 1B1.13(b)(6) factor of the amended policy statement [was] not available to him." [*] *Crawley*, 140 F.4th at 173.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We note that Washington "may soon satisfy the 10-year requirement under § 1B1.13(b)(6) and may then file a new motion before the district court." *Crawley*, 140 F.4th at 173.  We express no opinion as to the merits of Washington's § 1B1.13(b)(6) argument, leaving any consideration of such argument to the district court in the first instance.